THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| SHIBUMI SHADE, INC., <br><br> Plaintiff, <br><br> v. <br> NB SHADES, LLC, <br><br> Defendant. | Civil Action No: 3:24-cv-01258 |

**PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIMS**

Plaintiff Shibumi Shade, Inc. ("Shibumi," "Plaintiff," or "Counter-Defendant"), by and through its undersigned counsel, files this Answer to the Counterclaims filed by Defendant NB Shades, LLC's ("NB Shades" or "Defendant") as follows:

**THE PARTIES**

1. Shibumi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 and therefore denies the same.

2. Shibumi admits the allegations of Paragraph 2.

1

## JURISDICTION AND VENUE

3. Shibumi admits this Court has subject matter jurisdiction over the Counterclaim pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 2201-2202 but denies that the Counterclaims have any merit.

4. Shibumi admits venue is permissible in this District under 28 U.S.C. § 1400(b).

5. For purposes of this matter only, Shibumi admits that this Court has personal jurisdiction over Shibumi in connection with this matter, and that Shibumi has invoked the jurisdiction of this Court and consented to venue in this district by filing its Complaint against NB Shades.

## PATENT IN SUIT

6. Shibumi admits that NB Shades requests a declaration of non-infringement under the federal declaratory judgment act, 28 U.S.C. § 2201 et seq. Shibumi denies NB Shades' allegation that NB Shades has not infringed, and does not infringe, any valid, enforceable, Shibumi patent.

7. Shibumi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 and therefore denies the same.

8. Shibumi admits the allegations in Paragraph 8.

9. Shibumi admits the allegations of Paragraph 9.

10. Shibumi admits the allegations of Paragraph 10.

11. Shibumi admits that an actual controversy exists between the parties as to infringement. Shibumi denied the remaining allegations of Paragraph 11.

## FACTUAL BACKGROUND

12. Shibumi is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 and therefore denies the same.

13. Shibumi admits that this is not the first action brought against NB Shades. Shibumi denies the remaining allegations of Paragraph 13.

14. Shibumi admits there is litigation history between Shibumi and NB Shades. Shibumi denies the remaining allegations of Paragraph 14.

15. Shibumi admits the allegations of Paragraph 15.

16. Shibumi admits that it filed a stipulation of dismissal in Civil Action No. 3:22-cv-00351-BJD-LLL after NB Shades agreed to cease sales and marketing of the infringing accused product in that action.

17. Shibumi denies the allegations of Paragraph 17.

18. Shibumi admits that its Amended Complaint references written correspondence exchanged between the parties. Shibumi denies that any of the correspondence attached as Exhibit A, Exhibit B, and Exhibit C to Defendant's Counterclaim shows that the Accused Product cannot infringe

the asserted claims.  Shibumi further denies any remaining allegations of Paragraph 18.

19.  Shibumi admits that the Patents-in-Suit contain the recited language but denies any significance to the specifically highlighted and emphasized language.

20.  Shibumi denies the allegations of Paragraph 20.

21.  Shibumi denies the allegations of Paragraph 21.

22.  Shibumi admits that the term "parallel" was originally included in claim 22 of the application that led to the '273 Patent, that claim 22 of the application was rejected under 35 U.S.C. § 103 in a non-final office action on October 27, 2023, and that claim 21 of the application was amended to include the term "parallel" on November 21, 2023.  Otherwise Shibumi denies the allegations of Paragraph 22.

23.  Shibumi denies allegations of Paragraph 23.

24.  Shibumi admits that the stated language was included in its February 2, 2024 Appeal Brief for the application that led to the '273 Patent and respectfully refers to that document for its true and correct contents. Otherwise, Shibumi denies the allegations of Paragraph 24.

25.  Shibumi denies the allegations of Paragraph 25.

26.  Shibumi denies the allegations of Paragraph 26.

27.  Shibumi denies the allegations of Paragraph 27.

28. Shibumi denies the allegations of Paragraph 28.

29. Shibumi denies the allegations of Paragraph 29.

30. Shibumi denies the allegations of Paragraph 30.

31. Paragraph 31 contains a legal conclusion to which no response is required. To the extent Paragraph 31 contains factual allegations, Shibumi denies the same.

32. Paragraph 32 contains a legal conclusion to which no response is required. To the extent Paragraph 32 contains factual allegations, Shibumi denies the same.

33. Shibumi denies the allegations of Paragraph 33.

34. Shibumi denies the allegations of Paragraph 34.

35. Shibumi denies the allegations of Paragraph 35.

36. Shibumi denies the allegations of Paragraph 36.

37. Shibumi denies the allegations of Paragraph 37.

38. Shibumi denies the allegations of Paragraph 38.

39. Shibumi denies the allegations of Paragraph 39.

40. Shibumi denies the allegations of Paragraph 40.

41. Shibumi denies the allegations of Paragraph 41.

42. Shibumi denies the allegations of Paragraph 42.

43. Shibumi denies the allegations of Paragraph 43.

44. Shibumi denies the allegations of Paragraph 44.

45. Shibumi denies the allegations of Paragraph 45.

46. Shibumi denies the allegations of Paragraph 46.

47. Shibumi admits the allegations of Paragraph 47.

48. Shibumi denies the allegations of Paragraph 48.

49. Shibumi denies the allegations of Paragraph 49.

## COUNT I
### (Non-Infringement of the '273 Patent)

50. Shibumi restates and incorporates each of its responses to Paragraphs 1 through 49 as if fully stated herein.

51. Shibumi admits the allegations of Paragraph 51.

52. Shibumi admits the allegations of Paragraph 52.

53. Shibumi denies the allegations of Paragraph 53.

54. Shibumi denies the allegations of Paragraph 54.

55. Shibumi admits that an actual controversy exists between the parties as to the infringement of the '273 Patent.

56. Shibumi denies the allegations of Paragraph 56.

## COUNT II
### (Invalidity of the '273 Patent)

57. Shibumi Shade restates and incorporates each of its responses to Paragraphs 1 through 56 as if fully stated herein.

58. Shibumi admits the allegations of Paragraph 58.

59. Shibumi denies the allegations of Paragraph 59.

60. Shibumi denies the allegations of Paragraph 60.

61. Shibumi denies the allegations of Paragraph 61.

62. Shibumi denies the allegations of Paragraph 62.

63. Shibumi admits that an actual controversy exists between the parties as to the validity of the '273 Patent.

64. Shibumi denies the allegations of Paragraph 64.

## COUNT III
### (Non-Infringement of the '876 Patent)

65. Shibumi Shade restates and incorporates each of its responses to Paragraphs 1 through 64 as if fully stated herein.

66. Shibumi admits the allegations of Paragraph 66.

67. Shibumi admits the allegations of Paragraph 67.

68. Shibumi denies the allegations of Paragraph 68.

69. Shibumi denies the allegations of Paragraph 69.

70. Shibumi admits that an actual controversy exists between the parties as to the infringement of the '876 Patent.

71. Shibumi denies the allegations of Paragraph 71.

## COUNT IV
### (Invalidity of the '876 Patent)

72. Shibumi Shade restates and incorporates each of its responses to Paragraphs 1 through 71 as if fully stated herein.

73. Shibumi admits the allegations of Paragraph 73.

74. Shibumi denies the allegations of Paragraph 74.

75. Shibumi denies the allegations of Paragraph 75.

76. Shibumi denies the allegations of Paragraph 76.

77. Shibumi denies the allegations of Paragraph 77.

78. Shibumi admits that an actual controversy exists between the parties as to the validity of the '876 Patent.

79. Shibumi denies the allegations of Paragraph 79.

## Rule 38(b)(1) Jury Demand

NB Shades' demand for a jury trial does not require a response by Shibumi. However, as stated in Shibumi's Complaint (Dkt. 1), Shibumi respectfully requests a trial by jury of any issues so triable.

## AFFIRMATIVE DEFENSES

NB Shades' Counterclaims fail to state any claim on which relief can be granted, as no factual allegations have been pleaded in support of any of NB Shades' claims. NB Shades has alleged no facts which could support a finding of non-infringement of any of the claims of the asserted patents. The claims of all the asserted patents are presumed valid by statute and NB Shades cannot meet its burden of clear and convincing evidence that any claim of the asserted patents is invalid, and NB Shades has alleged no facts in support of such a claim or defense. NB Shades' Counterclaim is

inoperative and fails to state a claim because it is an impermissible shotgun pleading.

### NB SHADES' PRAYER FOR RELIEF

Shibumi denies that NB Shades is entitled to any relief whatsoever, including but not limited to the relief requested in Paragraphs A-H of Defendant's Prayer for Relief.

Dated: February 6, 2025     Respectfully submitted,

*/s/ Preston H. Heard*

**GUNSTER YOAKLEY & STEWART, LLP**

Derek Mountford (FL Bar No. 127172)
Ana Johnson (FL Bar No. 111384)
One Independent Drive, Suite 3200
Jacksonville, Florida 32202
Telephone: (904) 354-1980
ajohnson@gunster.com
dmountford@gunster.com

and

**WOMBLE BOND DICKINSON (US) LLP**

Preston H. Heard (*pro hac vice*)
Lead Counsel
Georgia Bar No. 476319
Christine H. Dupriest (*pro hac vice*)
Georgia Bar No. 345536
1331 Spring Street, NW, Suite 1400
Atlanta, GA 30309
Telephone: (404) 888-7366
Preston.Heard@wbd-us.com

Christine.Dupriest@wbd-us.com

Julie C. Giardina (*pro hac vice*)
Maryland Fed. Bar No. 21085
100 Light Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5802
Julie.Giardina@wbd-us.com

*Attorneys for Plaintiff Shibumi Shade, Inc.*

10

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above has been served electronically on all counsel of record via the Court's ECF system on February 6, 2025.

*/s/ Preston H. Heard*
Preston H. Heard