# EXHIBIT A

# THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

SHIBUMI SHADE, INC.

    Plaintiff,

v.

NB SHADES, LLC

    Defendant.

Case No: 3:24-cv-1258-MMH-MCR

## CONSENT JUDGMENT AND PERMANENT INJUNCTION

This action, having come on for consideration upon the Complaint of Plaintiff, Shibumi Shade, Inc. ("Shibumi"), is one for infringement of Shibumi's United States Patent Nos. 11,946,273 (the "'273 Patent") and 11,970,876 (the "'876 Patent"), (collectively, the "Patents-in-Suit") by NB Shades, LLC ("NB Shades") via their Sunsail Shade product. Shibumi and NB Shades having waived the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Ru1es of Civil Procedure, and without trial, argument, or adjudication of any issue of fact or law, having consented to and stipulated to the entry of this Consent Judgment and Permanent Injunction under the terms provided herein:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, including 35 U.S.C. § 1 *et seq*.

2. Shibumi owns all right, title, and interest in the Patents-in-Suit.

3. Shibumi makes, distributes, offers to sell, and sells products, the Shibumi Shade, that practice the Patents-in-Suit. Shibumi has marked the covered products in accordance with 35 U.S.C. § 287.

4. NB Shades acknowledges the validity and enforceability of the Patents-in-Suit and the ownership thereof by Shibumi.

5. NB Shades acknowledges that it has made, distributed, sold, offered to sell and/or imported in the United States its Sunsail Shade product that are alleged to infringe one or more claims of each of the Patents-in-Suit.

6. On June 18, 2025 (the "Petition Date"), NB Shades filed a voluntary petition for protection under Chapter 7 of the United States Bankruptcy Code, in the Bankruptcy Court for the Middle District of Florida, Jacksonville Division, case number 3:25-bk-02032 (the "Bankruptcy Case").

7. Shibumi was listed as a contingent, unliquidated and disputed creditor in the Bankruptcy Case.

8. NB Shades no longer has the means or the desire to defend itself in this action and therefore wishes to reach a resolution with Shubumi.

9. Judgment is therefore entered for Shibumi on its claims for patent infringement.

10. Shibumi is entitled to patent infringement damages in the form of its lost profits with respect to each and every sale of a Sunsail Shade product by NB Shades, but has agreed to waive any claim to damages for past sales in favor of entry of a permanent injunction.

11. NB Shades, its agents, servants, employees, principals, attorneys, and all others in active concert or participation with any of them, are permanently enjoined and restrained from:

   a. further infringement of the claims of the Patents-in-Suit; and

   b. further manufacture, importation, use, sale, and offers to sell the Sunsail Shade product in the United States, whether in person, in brick-and-mortar retail stores, or through NB Shades' website, social media, or third-party online retailers.

12. NB Shades acknowledges that a breach of this Consent Judgment and Permanent Injunction by NB Shades would result in irreparable injury to Shibumi, and that in the event of a breach, Shibumi would be entitled to immediate injunctive relief to enforce this Consent Judgment and Permanent Injunction, damages, and to reimbursement of its reasonable attorneys' fees and costs arising from bringing an action against NB Shades for enforcement of this Consent Judgment and Permanent Injunction.

13. Jurisdiction is retained by this Court for the purpose of enabling Shibumi to apply to the Court in the future for such further orders and directions as may be necessary or appropriate for the enforcement of the terms of this Consent Judgment and Permanent Injunction.

14. There being no just reason for delay, the Clerk of this Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Consent Judgment.

SO ORDERED this \_\_\_\_ of _____, 2025.

_____
Honorable Marcia Morales Howard
U.S. District Court Judge
Middle District of Florida

The parties hereby consent to the entry of the foregoing Consent Judgment and Permanent Injunction and waive any and all rights of appeal.

Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *Derek K. Mountford*
Preston H. Heard (*pro hac vice*)
Georgia Bar No. 476319
Christine H. Dupriest (*pro hac vice*)
Georgia Bar No. 874494
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 888-7366
Facsimile: (404) 879-2966
Preston.Heard@wbd-us.com
Christine.Dupriest@wbd-us.com

Julie C. Giardina (*pro hac vice*)
Maryland Federal Bar No. 21085
100 Light Street, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5802
Facsimile: (443) 769-1502
Julie.Giardina@wbd-us.com

**GUNSTER YOAKLEY & STEWART, P.A.**

Derek Mountford (FL Bar No. 127172)
Ana Johnson (FL Bar No. 111384)
1 Independent Drive, Suite 3200
Jacksonville, Florida 32202
Telephone: (904) 354-1980
ajohnson@gunster.com
dmountford@gunster.com

*Attorneys for Plaintiff Shibumi Shade, Inc.*

Dated: October 28, 2025

**THAMES | MARKEY**

By: /s/ *Katheryn E. Hancock*
Katheryn E. Hancock
Florida Bar. No. 0085945
50 N. Laura Street, Suite 1600
Jacksonville, FL 32202
Telephone: (904) 358-4000
Facsimile: (904) 358-4001
keh@thamesmarkey.law

*Attorney for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby confirms that on October 28, 2025, I electronically filed the foregoing with the Clerk of Court using CM/ECF system, which will send notifications of such filing to the counsel of record.

*/s/ Derek K. Mountford*
Attorney